**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ROPER TECHNOLOGIES, INC., A DELAWARE CORPORATION;**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00390-JSS-PRL**

**ANTHONY CELLA, RAMZI ALAFANDI, BRIAN PALMER, EDWARD RODRIGUEZ, ROPER TECHNOLOGIES INC., A CALIFORNIA CORPORATION;**

**Defendants,**
___________________________________/

**ORDER**

Plaintiff, Roper Technologies Inc. ("Roper") as the owner of trademarks upon which Defendants allegedly have infringed, seeks permission to serve a third party, Virtual Post Solutions, Inc., with a subpoena for information prior to the Federal Rule of Civil Procedure 26(f) conference. (Doc. 11). As explained in the motion, this case arises from a complex scheme among Defendants to impersonate Roper for purposes of fraudulently misdirecting payments meant for Roper to themselves. Plaintiff states that "[t]o obscure their locations and evade accountability, the Defendants have utilized virtual mailboxes to receive the mail they have misdirected away from Roper." (Doc. 11 at 2). Plaintiff further recites that Defendants have subscribed to one or more virtual mailbox services and then submitted those virtual mailbox addresses to state authorities as purported business addresses of Roper, and that at least two of those virtual mailbox locations are operated by Virtual Post Solutions, Inc. (Doc. 11). Roper requests leave to serve the proposed subpoena

upon Virtual Post Solutions, Inc., to identify methods of contacting the individual Defendants behind the virtual mailbox scheme so that Roper can serve these individuals with process. (Doc. 11).

A court has broad discretion in managing discovery. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). A court may permit a party to conduct discovery before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts usually require a showing of good cause for early discovery. *See TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012). Here, Plaintiff has established good cause for early discovery: it has sufficiently alleged infringement and it does not have another way to discover the putative infringer's identity to proceed with the litigation. Further, Plaintiff's subpoena is narrowly tailored to the claims alleged in this case.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 11) is **GRANTED** as set forth in this Order;

(2) Plaintiff may serve Virtual Post Solutions, Inc. with the proposed subpoena. Plaintiff shall attach a copy of the Complaint (Doc. 1) and this Order to any subpoena issued pursuant to this Order;

(3) The following directives are included in an abundance of caution. In the event that Virtual Post Solutions, Inc. is a "cable operator" under 47 U.S.C. § 522(5), the following requirements apply:

   a. It must comply with 47 U.S.C. § 551(c)(2), which permits a cable operator to disclose personal identifying information if the disclosure is "made

pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," by sending a copy of this Order to the subscriber assigned the IP address. The ISP shall have **21 DAYS** from service of the subpoena to notify the subscriber that identifying information is being sought pursuant to a Rule 45 subpoena. The ISP shall provide a copy of this Order with the notification;

b. The ISP shall produce the information sought to Plaintiff no later than **21 DAYS** after notification to the subscriber;

c. The subscriber shall have **14 DAYS** from the date of notification to move to quash or otherwise object to Plaintiff's subpoena;

d. Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint;

e. Additionally, Plaintiff shall adhere to the following procedures:

    i. In all written or oral communications with the subscriber, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of the subscriber and must inform the subscriber that any statements made by the subscriber may be used against the subscriber;

    ii. If the subscriber contacts Plaintiff, Plaintiff shall inform the subscriber of the subscriber's right to hire legal counsel to represent the subscriber in this matter;

c. At any time, the subscriber may inform Plaintiff by telephone or written communication that the subscriber does not want any further communication with Plaintiff until Plaintiff names the subscriber as the Doe Defendant and serves the subscriber and in this matter; and,

d. At least **14 DAYS** prior to seeking issuance of a summons from the Clerk that names the subscriber as the Doe Defendant, Plaintiff must notify the subscriber, or counsel if represented, in writing of Plaintiff's intent to name the subscriber as the Doe Defendant and serve the subscriber in this case.

**DONE** and **ORDERED** in Ocala, Florida on August 19, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties