**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ROPER TECHNOLOGIES, INC., A DELAWARE CORPORATION;**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00390-JSS-PRL**

**ANTHONY CELLA, RAMZI ALAFANDI, BRIAN PALMER, EDWARD RODRIGUEZ, ROPER TECHNOLOGIES INC., A CALIFORNIA CORPORATION;**

**Defendants,**
_____________________________________/

# ORDER

This case alleging claims for false designation of origin under 15 U.S.C. § 1125(a) and related claims is before the Court for consideration of Plaintiff's motions related to their attempts to perfect service upon the Defendants. Specifically, Plaintiff requests leave to serve the Defendants via various alternative means. (Docs. 13 & 15). Plaintiff also requests an extension of time to file proof of service. (Doc. 18).

## I. Background

Plaintiff, Roper Technologies, Inc., bring claims for false designation of origin pursuant to 15 U.S.C. § 1125(a), civil RICO pursuant to 18 U.S.C. § 1962(c), and related claims against Defendants Anthony Cella, Ramzi Alafandi, (a.k.a. Ramsey Alafandi), Brian Palmer, Edward Rodriguez, and Roper Technologies Inc., a California corporation. (Doc. 1). To broadly summarize the allegations of the complaint, Plaintiff alleges that Defendants engaged in an elaborate scheme to impersonate Plaintiff's organization and to redirect mail

and payments intended for Plaintiff to an entity described as "Fake Roper," meaning Roper Technologies Inc., a California corporation. As alleged, the scheme involved fraudulently filing a change of address for Plaintiff and intercepting mail, including tax refund checks, intended for Plaintiff. The scheme allegedly also involved the use of virtual mailboxes set up by Defendants to receive the mail intended for Plaintiff.

Plaintiff contends that this is not the first case like this against Defendants, citing *Signature Flight Support LLC v. Cella*, No. 5:25-cv-469-GAP-PRL, Doc. 37 (M.D. Fla. May 1, 2026) and *Getac, Inc. v. Alafandi,* No. 8:25-cv-01472-DOC-KES, 2026 WL 103977, (C.D. Cal. Jan. 8, 2026). Plaintiff alleges, "[t]he efforts at the IRS are a plain setup for Alafandi's and Cella's modus operandi of misdirecting tax refund checks from the IRS to themselves rather than businesses like Roper who are rightfully entitled to those funds." (Doc. 1 at 8, ¶ 47).

Plaintiff initiated this case by filing a complaint on May 28, 2026. (Doc. 1). Plaintiff's initial investigations and efforts to serve Defendants are detailed in its motions and the supporting exhibits. (Docs. 13 & 15).

## II. Legal Standards

Federal Rule of Civil Procedure 4, which governs service of process, is designed to "provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality." *See Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992). Rule 4(e) provides, in pertinent part, that an individual within the United States may be served, among other ways, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service

is made." *See* Fed. R. Civ. P. 4(e)(1). In general, to comply with due process and pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The decision to approve service by alternative means lies within the Court's discretion." *InkGraph Techno, LLC v. Tripathy*, No. 8:20-cv-2554-SCB-JSS, 2021 WL 1047467, at *1 (M.D. Fla. Feb. 8, 2021) (citing *Berluti SA v. Berlutishoeoutlet.com*, No. 20-60708, 2020 WL 6078055, at *1 (S.D. Fla. Apr. 9, 2020)).

**III. Discussion**

Plaintiff's motions address their initial attempts to serve the remaining defendants in this case: Anthony Cella, Ramzi Alafandi, (a.k.a. Ramsey Alafandi), Brian Palmer, Edward Rodriguez, and Roper Technologies Inc., a California corporation. The Court will discuss each separate motion and defendant in turn.

a. Anthony Cella

Plaintiff requests leave to serve Defendant Anthony Cella ("Cella") via alternative means, including (i) posting process at his home, (ii) United States certified mail, and (iii) electronic mail. Plaintiff contends that, when approached by a process server at his home, Cella denied his identity and refused to accept service. Because, as Plaintiff maintains, Cella has evaded service, Plaintiff seeks leave to effect service by other means. (Doc. 15).

Plaintiff recites that its counsel has personally met with Cella and is aware of his physical characteristics and description, including that he is an elderly white male, heavyset, with gray hair and glasses. (Doc. 15 at 3). Plaintiff's motion details an attempt at service by a process server:

> On June 8, 2026, a process server attempted service at the Cabella Circle Address. An individual the process server described as a white male in his 80s, tall and approximately 300 pounds, with thin gray hair and glasses answered the door and spoke with the server. This individual told the server that he was not Anthony Cella, but that Cella owns the residence and resides in Fort Lauderdale. Affidavit of Non-Service attached as Exhibit A. The server stated that the individual he spoke with was not Cella after reviewing images of Cella provided by undersigned counsel.

(Doc. 15 at 3).

Plaintiff's motion is also supported by the affidavit of Tuan Payton, a retired FBI agent and private investigator. Payton's affidavit details attempts to locate and verify Anthony Cella's physical whereabouts in connection with this litigation, based in part on Cella's driver's license, video stills, and multiple photographs. (Doc. 15-1). As explained in detail in Payton's affidavit, following the unsuccessful attempt at service on June 8, 2026, Payton conducted surveillance at Cella's home at 1233 Cabella Circle, Lady Lake, FL 32159. Payton observed a male fitting Cella's description near the home and departing the home on multiple occasions. (Doc. 15-1). Based on Payton's observations, which included observing Cella retrieving a newspaper from the driveway and making a shopping trip to Publix, Payton concluded that Cella resides at the Cabella Circle address. (Doc. 15-1 at 4).

The undersigned finds that Plaintiff has sufficiently demonstrated that Cella has previously refused service or has evaded service, and that he currently resides at the Cabella Circle address. Accordingly, Plaintiff's motion for leave to serve Antony Cella via alternative means (Doc. 15) is due to be **granted.** Plaintiff may serve Defendant Anthony Cella ("Cella") via alternative means and is directed to utilize all of the following three alternative means to ensure notice of this action: (i) posting process at Cella's home, (ii) United States certified mail, and (iii) electronic mail.

b. Ramzi Alafadi/Ramsey Alafandi

Next, Plaintiff requests leave to serve Defendant Ramzi/Ramsey Alafandi ("Alafandi") via electronic mail to smc55951716@gmail.com. Plaintiff argues that Alafandi represented to the state of Wyoming that this email address was his current contact information in August 2025. Alafandi has also responded to Plaintiff's counsel in response to service of process directed to the email address. Meanwhile, Plaintiff's motion also explains that no other address is known for Alafandi, as his last known residential address is 4652 Via Marina, Unit 203, Marina Del Rey, CA 90292. Plaintiff has already attempted service at the Marina Del Rey address and the process server was told by the current tenant that Alafandi moved out and no longer resides there.

Notably, in a recent similar case in the Middle District of Florida, the undersigned previously granted leave to serve Alfandi via electronic mail at this same address. That case also involved a scheme of fraud and allegations of stealing funds. *See Signature Flight Support LLC v. Cella*, Case No. 5:25-cv-00469-GAP-PRL, Docs. 18, 21. On nearly identical grounds and circumstances as presented here, the undersigned granted leave for Alafandi to be served via electronic mail at the smc55951716@gmail.com email address.

For the same reasons discussed in *Signature Flight Support LLC v. Cella*, Case No. 5:25-cv-00469-GAP-PRL (Doc. 21), which are incorporated by reference here, the undersigned finds that service to the smc55951716@gmail.com electronic address is reasonably calculated to give actual notice to Alafandi. Plaintiff's motion to serve Alafandi via electronic mail at the smc55951716 address is **granted**.

c. Fake Roper

Next, Plaintiff requests leave to serve Roper Technologies, Inc., a California corporation ("Fake Roper"), via the California Secretary of State. (Doc. 13). As Plaintiff explains and the exhibits to Plaintiff's motion confirm, California public records list Alafandi as the registered agent for Fake Roper. Alafandi is also the only officer of Fake Roper. Further, the principal address of Fake Roper is listed as Alafandi's former residential address in Marina Del Rey where Alafandi has not been able to be located. Fake Roper also lists a mailing address at the virtual mailbox location used by Defendants as part of their scheme.

As Plaintiff asserts, under California law, when the registered agent of a corporation cannot be located at the address designated for service of process, and after reasonable diligence the process cannot be served on the corporation in another manner under the code, then the court may order that service be made on the corporation via the California Secretary of State. Cal. Corp. Code § 1702(a).

The Court agrees that service upon Fake Roper is not possible using the other means set forth in Cal. Corp. Code § 1702. As Plaintiff points out, personal service of the summons to Alafandi (whether in his capacity as registered agent or as an officer, director, or employee of Fake Roper) is not possible because he cannot be located. Therefore, service is not possible under Cal. Civ. P. Code §§ 415.10 or 416.10.3 Also, Plaintiff points out that because California records indicate Fake Roper remains in good standing and is not dissolved, Cal. Civ. P. Code § 416.20 is inapplicable.

Moreover, Plaintiff contends that service by mail would be futile, because the principal address for Fake Roper is known not to be occupied by Alafandi or Fake Roper,

and the only other known address is a virtual mailbox. Plaintiff argues that neither address constitutes a usual address or place of business, and thus service at either address under Cal. Civ. P. Code § 415.20 is not possible. Further the virtual mailbox cannot facilitate Fake Roper's return of an acknowledgement of service as required by Cal. Civ. P. Code § 415.30.

Plaintiff also argues that, under similar circumstances, courts in the Middle District have approved service on the California Secretary of State under Cal. Corp. Code § 1702. *See Somat Transp. v. Interstate Commerce Fin. Credit Corp.*, No. 8:20-cv-1518-T-33AEP, 2020 WL 10502630 (M.D. Fla. Sep. 30, 2020); *Freeman v. Fid. Capital Holdings, Inc.*, No. 8:18-cv-2173-T-17SPF, 2019 WL 5102837 (M.D. Fla. Jan. 2, 2019).

Accordingly, upon due consideration, Plaintiff's motion is due to be **granted** as to Roper Technologies, Inc., a California corporation ("Fake Roper"). Plaintiff shall have 90 days from the date of this Order to effectuate service on the Secretary of State, in accordance with the requirements of the applicable California Statutes.

d. Brian Palmer and Edward Rodriguez

Next, Plaintiff requests leave to serve Defendants Brian Palmer and Edward Rodriguez via Section 48.031(6)(a), Florida Statutes, which provides:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

Plaintiff recites that it has performed searches of public databases for a "Brian Palmer" in connection with any of the several addresses used in the scheme. But, despite

diligent searches, Plaintiff has been unable to locate an address for Palmer other than the virtual mailbox in Brandon, Florida listed in the annual reports filed with the Florida Secretary of State.

Likewise, Plaintiff recites that it has performed searches of public databases for "Edward Rodriguez" in connection with the addresses used in the scheme. Plaintiff states that the only address located for Rodriguez other than the virtual mailbox in Brandon, Florida is an address he possibly occupied in 1991.

Meanwhile, Plaintiff acknowledges that it is has separately sought and been granted leave to serve subpoenas on the operator of the virtual mailbox to ascertain whether Palmer, Rodriguez, or both maintain a mailbox there.

Upon consideration, and in light of the outstanding third-party subpoena to the virtual mailbox operator (Docs. 11 & 17), Plaintiff's motion is premature at present. The third-party subpoena represents efforts to ascertain additional information about Defendants, including Palmer and Rodriquez. For example, the subpoena requests all relevant communications between the virtual mailbox provider and Palmer and Rodriguez, as well as "[a]ll telephone numbers, mobile device numbers, or other contact information provided by any individual or entity in connection with any VPS account associated with the Brandon Address or Covina Address under the name Roper Technologies, Inc., including any numbers used for account verification, two-factor authentication, or customer communications." (Doc. 11-1). This information will inform whether service under Section 48.031(6)(a) is appropriate.

Given the outstanding third-party subpoena, Plaintiff's motion (Doc. 13) is due to be **denied** without prejudice, but it may be renewed in the future based on new information or when current efforts to obtain additional information are confirmed to be unsuccessful.

## IV. Conclusion

For the reasons explained above, Plaintiff's motion for leave to serve process via electronic and other alternative means (Doc. 13) is **GRANTED** in part and **DENIED** in part as explained in this Order. Plaintiff's motion for leave to serve Anthony Cella via alternative means (Doc. 15) is **GRANTED**. Plaintiff's motion to extend the deadline for service (Doc. 18) is **GRANTED**, and Plaintiff shall have an additional 90 days from the entry date of this Order to complete service as to each of the Defendants.

**DONE** and **ORDERED** in Ocala, Florida on September 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties